UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case: 1:14-cr-00202 |
| | : | Assigned To : Huvelle, Ellen S. |
| v. | : | Assign. Date : 9/30/2014 |
| | : | Description: INDICTMENT (B) |
| **MAHAN AIR,** | : | Case Related to: 09-cr-366 (ESH) |
| **HAMID ARABNEJAD,** | : | |
| **GHOLAM REZA MAHMOUDI,** | : | |
| **and ALI MOATTAR** | : | |
| | : | |
| **Defendants.** | : | |

## MOTION AND SUPPORTING MEMORANDUM TO SEAL INDICTMENT, BENCH WARRANTS, AND RELATED PAPERWORK

The United States of America, by its attorney, the United States Attorney for the District of Columbia, hereby moves the Court pursuant to Fed. R. Crim. P. 6(e)(4) to place under seal until further order of the Court the Indictment and Bench Warrants for defendants Mahan Air, Hamid Arabnejad, Gholam Reza Mahmoudi, and Ali Moattar, in the above-captioned case, as well as the Government's Motion to Seal and this Court's Order sealing the aforesaid documents. In support of its motion, the government states as follows:

1. An Indictment may be sealed pursuant to Rule 6(e)(4) for any legitimate prosecutorial reason, including, as recognized by the Rule itself, to take the defendant into custody and bring him or her before the court. See United States v. Michael, 180 F.2d 55, 57 (3d Cir. 1949); see also United States v. Sharpe, 995 F.2d 49 (5th Cir. 1993); United States v. Southland Corp., 760 F.2d 1366, 1379-80 (2d Cir. 1985); United States v. Lyles, 593 F.2d 182 (2d Cir. 1979).

2.  Today, September 30, 2014, a grand jury returned an Indictment against defendants Mahan Air, Hamid Arabnejad, Gholam Reza Mahmoudi, and Ali Moattar, on one count of Conspiracy to Unlawfully Export U.S.-Origin Goods to Iran and to Defraud the United States, in violation of 18 U.S.C. §371, one count of Willful Violation of Denial Order and aiding and abetting in violation of 50 U.S.C. § 1705, and 15 C.F.R. § 764.2(a),(b),(k) and 18 U.S.C. §2 for conspiring to obtain Boeing 747 airplanes from the United States and send them to Iran between 2006 and 2008 in violation of the embargo against Iran. The United States anticipates that the Court will grant its oral request for a bench warrant to be issued today for the arrest of Hamid Arabnejad, Gholam Reza Mahmoudi, and Ali Moattar, the defendants on this Indictment.

3.  Once the bench warrants are issued, law enforcement will begin to investigate ways in which to secure the arrest of the defendants. Upon information and belief, the defendants are currently living in Iran. The defendants have traveled internationally in the past. It will be necessary to obtain the cooperation of Executive branch and law enforcement officials in this country and others to successfully secure custody of the defendants for presentation on the instant charges here in the United States. The public disclosure of this Indictment at this time could jeopardize future plans to secure arrests, because such disclosure could result in alerting other individuals and countries to their criminal liability in the United States. Concern for the need to apprehend the defendant constitutes a legitimate prosecutorial reason, and thus an appropriate basis, for an Order sealing the Indictment and Bench Warrants.

4.  For that reason, it is requested that the sealing Order permit disclosure of the Indictment and Bench Warrants to Executive branch and law enforcement officials in this country, and in such other countries as may become necessary, to the extent that such disclosure is in furtherance of efforts to secure custody of the defendants for presentation before this Court on the

instant charges.

5. Accordingly, the United States submits that under <u>Washington Post v. Robinson</u>, 935 F. 2d 282, 289 n.10 (D.C. Cir. 1991), these facts present an extraordinary situation and a compelling governmental interest which justify the sealing of the Indictment, the Bench Warrants, this Motion, and any Order to Seal, until such time as Hamid Arabnejad, Gholam Reza Mahmoudi, and Ali Moattar are arrested.

6. The United States requests that the Court issue an Order sealing the Indictment, Bench Warrants, this Motion, and the Order to Seal, until such time as the defendants Hamid Arabnejad, Gholam Reza Mahmoudi, and Ali Moattar, are arrested or until further order of the Court.

7. In addition, we request that the sealing Order permit disclosure of the Indictment, Bench Warrants, and the Order to Seal to any federal law enforcement officials or Executive Branch member, diplomatic, intelligence, military, and other personnel, both in the United States and internationally, to the extent that such disclosure is necessary in furtherance of efforts to capture or detain the defendants.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, the United States of America respectfully requests that the Court issue an Order sealing (except to the limited extent specified herein) the Indictment and Bench Warrants as well as sealing this Motion and the Court's sealing Order until further order of this Court. A proposed Order is submitted herewith.

Respectfully submitted,
RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. Bar Number 447-889

By: *Brenda J. Johnson*
Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 370737
(202) 252-7801 (phone)
(202) 252-7792 (fax)
Brenda.Johnson@usdoj.gov
National Security Section
United States Attorney's Office
555 4th Street, N.W., Room 11-450
Washington, D.C. 20530

Brian J. Fleming
Trial Attorney
D.C. Bar No. 974889
(202) 233-2262 (phone)
(202) 233-2146 (fax)
Brian.Fleming@usdoj.gov
Counterespionage Section
Department of Justice
600 E Street, N.W., Suite 10606
Washington, D.C. 20530

September 30, 2014